IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

N.B., et al., by and through their next friends, )
)
       Plaintiffs, )
)
       v. ) No. 11 C 6866
)
FELICIA NORWOOD, in her official ) Judge Jorge L. Alonso
capacity as Director of the Illinois Department )
of Healthcare and Family Services, )
)
       Defendant. )

**MEMORANDUM OPINION AND ORDER**

Before the Court are plaintiffs' objections to Magistrate Judge Cole's Report and Recommendation of November 19, 2015 (as amended on November 25, 2015 solely to correct two grammatical errors), which addressed plaintiffs' motion to enforce a purported settlement agreement. The Court overrules plaintiffs' objections [144], adopts Judge Cole's Report and Recommendation [143] in its entirety, and denies plaintiffs' motion to enforce settlement agreement [119].[1]

---

[1] There are three attorneys who represent the plaintiffs in this matter and serve as class co-counsel. They are Robert Hugh Farley Jr., Mary Denise Cahill, and Michelle N. Schneiderheinze. Mr. Farley and Ms. Cahill filed the the objections to Judge Cole's report and recommendation. On behalf of certain named plaintiffs—N.B., J.J., I.D., S.B., M. Wa., M.B., and M. Wh.—Ms. Schneiderheinze filed a motion to withdraw the objections and the motion to enforce settlement as to those plaintiffs only. (R. 147.) Counsel explains in the motion that she provides direct legal representation to these plaintiffs as well as numerous individual class members and that her motion is intended to correct the record to reflect these plaintiffs' non-joinder in the motion and objections. She also explains in the motion that she requested that Mr. Farley and Ms. Cahill correct the objections to reflect that they do not have authority to act on behalf of all of the named plaintiffs and that they have not responded. The motion is granted to the extent that the Court recognizes that there is a conflict among class co-counsel regarding whether there is a basis for the motion and objections. The Court does not opine on any other issues regarding the representation of plaintiffs at this juncture because it is not necessary to do so to decide the instant motion and objections.

## BACKGROUND

The issue before the Court is whether the parties have entered into an enforceable Proposed Consent Decree. Plaintiffs maintain that Exhibit A to their motion, a written Proposed Consent Decree with a header on each of its twenty-two pages that states in bold type "DRAFT- Privileged and Confidential For Settlement Purposes Only June 10, 2015," is an enforceable settlement agreement. On September 22, 2015, plaintiffs filed a motion to enforce that agreement. Plaintiffs also filed motions for discovery on the issue of whether there was a settlement agreement and for entry of a preliminary injunction. This Court referred the three motions to Magistrate Judge Cole. Plaintiffs have since withdrawn the motion for discovery on the issue of whether there was a settlement agreement. At Judge Cole's suggestion, plaintiffs also withdrew the preliminary injunction motion without prejudice and plan on refiling it immediately upon the conclusion of a period of expedited discovery.

On November 19, 2015, Judge Cole issued a Report and Recommendation, recommending that this Court deny the plaintiffs' motion to enforce the Proposed Consent Decree as a settlement agreement. On December 2, 2015, plaintiffs objected to Judge Cole's Report and Recommendation as provided by Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1). On December 3, 2015, this Court entered an order indicating that defendant need not file a response to the objections.

## DISCUSSION

A. **Legal Standards**

  1. **Standard of Review**

"When a magistrate judge prepares a report and recommendation for a district court, the governing statute provides that the district court 'shall make a *de novo* determination' with

2

respect to any contested matter." *Kanter v. C.I.R.*, 590 F.3d 410, 416 (7th Cir. 2009) (quoting 28 U.S.C. § 636(b)). The Court of Appeals has observed:

> *De novo* review requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion. The district judge is free, and encouraged, to consider all of the available information about the case when making this independent decision. A district judge may be persuaded by the reasoning of a magistrate judge or a special master while still engaging in an independent decision-making process.

*Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)). The district judge makes the ultimate decision to adopt, reject, or modify the magistrate judge's recommendation. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009); *see also* Fed. R. Civ. P. 72.

### 2. Federal Procedural Law

A district court has the power to enforce a settlement agreement in a case pending before it. *Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995). When the material facts are not in dispute, "the question whether a contract has come into being is one of law." *Gutta v. Standard Select Trust Ins. Plans*, 530 F.3d 614, 618 (7th Cir. 2008). If there are disputed material facts, the district court should hold an evidentiary hearing. *Wilson*, 46 F.3d at 664; *see also Sims-Madison v. Inland Paperboard & Packaging, Inc.*, 379 F.3d 445, 449 (7th Cir. 2004). Where the record points to only one conclusion, however, the court need not hold a hearing. *Gutta*, 530 F.3d at 618.

### 3. State Substantive Law

"A settlement agreement is a contract and as such, the construction and enforcement of settlement agreements are governed by principles of local law applicable to contracts generally." *Gutta*, 530 F.3d at 618 (quoting *Laserage Tech. Corp. v. Laserage Labs., Inc.*, 972 F.2d 799, 802

(7th Cir. 1992)); *Pohl v. United Airlines, Inc.*, 213 F.3d 336, 338 (7th Cir. 2000). *But see Lewis v. Sch. Dist. No. 70*, 648 F.3d 484, 486 n.1 (7th Cir. 2011) ("Whether a settlement agreement is binding is an issue governed by the law of the state in which the parties executed the agreement."). The parties rely on Illinois law, and the Court will apply Illinois law.

Under Illinois law, the enforceability of a putative contract is conditioned on two predicates: "a sufficiently concrete expression of the essential terms of the agreement, as well as an intent to be bound by that agreement." *Ocean Atl. Dev. Corp. v. Aurora Christian Schs., Inc.*, 322 F.3d 983, 995 (7th Cir. 2003) (citing, *inter alia*, *Academy Chi. Publishers v. Cheever*, 578 N.E.2d 981, 983 (Ill. 1991); *Ceres Ill., Inc. v. Ill. Scrap Processing, Inc.*, 500 N.E.2d 1, 4-5 (Ill. 1986); and *Morey v. Hoffman*, 145 N.E.2d 644, 647-48 (Ill. 1957)); *Abbott Labs. v. Alpha Therapeutic Corp.*, 164 F.3d 385, 387 (7th Cir. 1999) ("Under Illinois contract law, a binding agreement requires a meeting of the minds or mutual assent as to all material terms."). Furthermore:

> "A contract is enforceable under Illinois law if from its plain terms it is ascertainable what each party has agreed to do. A contract may be enforced even though some contract terms may be missing or left to be agreed upon, but if the essential terms are so uncertain that there is no basis for deciding whether the agreement has been kept or broken, there is no contract." *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 564 (7th Cir. 2012) (citing *Cheever*, 578 N.E.2d at 983–84).
> "Illinois follows the objective theory of intent, whereby the court looks first to the written agreement and not to the parties' subjective understandings." *Hampton v. Ford Motor Co.*, 561 F.3d 709, 714 (7th Cir. 2009). "Secret hopes and wishes count for nothing. The status of a document as a contract depends on what the parties express to each other and to the world, not on what they keep to themselves." *Newkirk v. Vill. of Steger*, 536 F.3d 771, 774 (7th Cir. 2008); *see also Laserage*, 972 F.2d at 802 (whether there was a "meeting of the minds" is determined by looking at the parties' conduct and what they expressed to each other).

*Craftwood Lumber Co. v. Interline Brands, Inc.*, No. 11 C 4462, 2014 WL 4724387, at *4-5 (N.D. Ill. Sept. 23, 2014). The Seventh Circuit has observed:

> [I]t is a common commercial practice for two negotiating parties to sign a letter of intent or an agreement in principal, signaling that they have come to a tentative agreement on the general outlines of a deal without having nailed down all of the details. Not infrequently, the negotiations that follow the execution of this document break down, prompting the disappointed party to sue on the theory that the preliminary document is binding. Whether in fact the writing reflects a binding agreement between the parties . . . turns not on what the parties subjectively believed, but on what they expressly manifested in their writing. . . . [A] letter of intent or a similar preliminary writing that reflects a tentative agreement contingent upon the successful completion of negotiations that are ongoing does not amount to a contract that binds the parties.

*Ocean Atl.*, 322 F.3d at 995-96 (citations omitted). To determine whether there was a binding contract, the court must examine the parties' writing to see whether it "include[s] all terms essential to the deal and manifest[s] the parties' mutual intent to be bound by those terms." *Id.* at 996. "The burden of proving the existence of a settlement agreement rests upon the party seeking to enforce it." *Kemp v. Bridgestone/Firestone, Inc.*, 625 N.E.2d 905, 909 (Ill. App. Ct. 1993).

**B.    Analysis**

After reviewing the relevant procedural and factual history,[2] Judge Cole found that the documents submitted in support of the plaintiffs' motion demonstrate that the parties had not reached a settlement by June 25, the day plaintiffs contend they came to an agreement with defendant because "Defendant's counsel accepted the Proposed Consent Decree." (R. 134, Pls.' Reply at 2.) This Court agrees with Judge Cole. Plaintiffs assert that the defendant's counsel's

---

[2]In their objections, plaintiffs engage in extensive nitpicking regarding the timeline and events of this case as set out by Judge Cole. The Court declines to address these arguments regarding the alleged "factual errors" in the Report and Recommendation. The Court is fully familiar with the recent history of this case and will not waste time discussing immaterial points.

"statements in open court on June 11, 2015" and "email of June 25, 2015" are "outward/objective expressions of the Defendant's intent to be bound by the terms of the agreement." (R. 144, Pls.' Objections at 14.)

These statements and expressions do not carry the day for plaintiffs. In the June 11 colloquy, defendant's counsel stated that the parties had resolved one remaining issue from "the last time [they] were [in court]," that they had a "draft decree circulating on [defendant's] side for final review and then signature," and that the "issue of attorneys' fees is still out there," but that it would not prevent the parties from moving forward with a motion for preliminary approval of a settlement. (R. 136, Tr. of June 11, 2015 Hr'g at 2.) Counsel's statements indicate that the parties were close to settling, but not that they intended to be bound by the draft settlement agreement that was "circulating." The email on which plaintiffs rely contains a similar "circulated for signature" comment, but similarly lacks an expression of an intent to be bound by the draft. It also contains the following statements: "We still need to discuss fees. [Defendant] would like to resolve the issue before we finalize the Decree instead of deferring it." (R. 119-6.) The draft consent decree, attached as Exhibit A to plaintiffs' motion, contains a blank on page 18 in the following provision: "Defendant agrees to pay to Class Counsel the sum of $_____ in full settlement of all of Plaintiffs' claims for attorneys' fees and costs associated with this litigation . . . ." (R. 119-1.) Plaintiffs contend, as they did before Judge Cole, that attorneys' fees are neither a material nor essential term of the agreement because they would be prevailing parties upon entry of a consent decree and therefore entitled to reasonable fees even in the absence of an agreement. Plaintiffs also argue that counsel's statement in the June 25 email that defendant "would like" to resolve the fee issue before finalizing the decree is merely a "preference" and not an indication that resolution of the issue was a condition precedent to a

binding agreement. For the reasons expressed by Judge Cole, the Court is unpersuaded. Plaintiffs have not met their burden of showing that the parties mutually intended that the "draft" consent decree be binding.

Plaintiffs also contend that Judge Cole erroneously concluded that the absence of an executed agreement in the context of this case is an "insuperable barrier" to granting plaintiffs' motion. (R. 144, Pls.' Objections at 12.) Judge Cole determined that the record in this case shows that there was to be no settlement until the draft proposed consent decree was executed. The draft consent decree provides that "no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this document regarding the subject matter of this proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein." (R. 119-1 at 19 ¶ 31.) Judge Cole stated that along with the parties' statements in and out of court, this provision of the draft decree is a "further manifestation of the parties' intentions reflecting the parties' understanding that there would be no agreement until the Proposed Consent Decree was executed." (R. 143, R&R at 10-11.) According to plaintiffs, Judge Cole erred in relying on this provision because "[t]here is no oral agreement which alters the terms of the Proposed Consent Decree" and "[t]here is no prior written agreement which alters the terms of the Proposed Consent Decree." (R. 144, Pls.' Objections at 13.) This argument, as well as plaintiffs' objections as a whole, borders on frivolous. And, as Judge Cole pointed out, "[g]iven the complexity of the subject matter of the case and the complicated and highly specialized nature of the extended performance required by the defendant under the Proposed Consent Decree, a signed agreement was obviously essential." (R. 143, R&R at 11.)

The Court agrees with Judge Cole that because the proposed consent decree detailing the defendant's numerous obligations was not executed, the parties do not have a binding settlement agreement.

## CONCLUSION

For the reasons explained above, the Court overrules plaintiffs' objections [144] to Magistrate Judge Cole's Report and Recommendation entered on November 25, 2015, adopts the Report and Recommendation [143] in its entirety, denies plaintiffs' motion to enforce settlement agreement [119], and grants certain plaintiffs' motion for non-joinder in the objections and motion to enforce [147] to the extent that the Court recognizes that there is a conflict among class co-counsel regarding whether there is a basis for the motion and objections.

**SO ORDERED.**                                               **ENTERED:** December 11, 2015

_____
**JORGE L. ALONSO**
**United States District Judge**